## Dexter A. Ballou v. Arthur Hill and another.

*Declaration: Non-joinder: Plea in abatement.* In a suit against A alone, where the declaration, being upon an award of abitrators, sets forth the submission in terms (from which it appears that the submission was by A, and also by B by A as his attorney), and also the award (which was against both A and B), but

the submission is averred to have been made by "the defendant," and the award is counted on as made against A only, it cannot be said that the declaration discloses a joint liability of A and B; and therefore the objection of non-joinder must be pleaded in abatement.

*Evidence: Award of arbitrators.* Under such a declaration, where the plea was the general issue, the award against A and B was competent evidence.

*Heard July 6. Decided July 9.*

Error to Saginaw Circuit.

*McDonell & Cobb* and *C. I. Walker*, for plaintiff in error.

*Marston & Hatch* and *Gaylord & Hanchett*, for defendants in error.

GRAVES, J.

The defendants in error recovered judgment upon an award of arbitrators, where, in form, the submission appeared to be by Dexter A. Ballou, and also by Orin A. Ballou, by his attorney, D. A. Ballou; and the true question presented is, whether the award thereupon against Orin A. Ballou and Dexter A. Ballou was rightly admitted under the issue, against the objection of plaintiff in error.

It is urged on the part of the latter that, by the declaration against him alone, to which the general issue was pleaded, it appeared that Orin A. Ballou was jointly liable with him, and that he was therefore entitled, on the trial of the issue so made, to have the award excluded.

The argument in support of this proposition implies, and the cases decide, that, if the declaration *did not* disclose the joint liability, then, the plaintiff in error having failed to plead the non-joinder in abatement, he could not defend in the form now attempted.

As the case may, therefore, turn upon the answer to the question, as to whether the declaration disclosed the supposed joint liability, it is best in the first place to obtain the answer to that question. The declaration contains the common and money counts, and three special counts. The

common and money counts do not suggest the liability of any one besides the defendant; and the second count expressly negatives any liability on the part of Orin A. Ballou. It is equally clear that the latter is not implicated by the third count in any joint liability with the defendant. The first count is carefully framed against Dexter A. Ballou alone, but it sets forth in terms the submission as actually drawn and signed, the certificates of acknowledgment, and the award as written. And although Orin A. Ballou is named in the submission as a party, and his name purports to have been signed to it by D. A Ballou, and the award purports to have been made against both, still the submission is *averred* to have been made by "*the defendant*," and not by the defendant and another, and the award is counted on as made against the defendant, and not against him and Orin A. Ballou. By the form of these averments the undertaking is not imputed to the Ballous jointly, but is *confined* to the defendant, and they require us for the purpose of this inquiry to read the papers set forth as though Orin A. Ballou was not named in them at all. We are therefore of opinion that it does not appear in the declaration that Orin A. Ballou was jointly liable with the defendant, and as a consequence that the objection of non-joinder was only open on plea in abatement. Having reached this conclusion we are not required to consider several interesting questions which received the critical attention of the learned counsel.

The judgment must be affirmed, with costs.

CAMPBELL and COOLEY, JJ., concurred.

CHRISTIANCY, CH. J., did not sit in this case.