STEPHEN O. COON v. WILLIAM C. ANDERSON.

*Money had and received—Payment by giving credit—Parties— Pleading—Abatement.*

Defendant, who was a member of a firm engaged in the sale of agricultural implements, and a stockholder and director in a corporation which manufactured such implements, by means of false and fraudulent statements, induced plaintiff to purchase a threshing machine of said corporation, he paying the sum of $100 thereon. The corporation, on learning of the fraud practiced upon the plaintiff, repudiated the sale, and gave defendant's firm credit on account for the amount so paid on the purchase price, and allowed the same in a subsequent settlement. Between the date of such credit and the time of settlement, the assets of the firm were absorbed by a corporation which succeeded to its business, and defendant denied any knowledge of the entry of such credit before the settlement. In a suit brought by the plaintiff against the defendant for money had and received, the defendant sought, under the plea of the general issue, to rely upon the fact that the money was credited to the firm, and not to himself. And it is held:

a—That, if the defendant desired to make such a defense, he should have pleaded the non-joinder of his copartners in

abatement, and that he could not raise the question under the plea of the general issue.

*b*—That the jury should have been instructed, as requested by the plaintiff, that, plaintiff having paid the $100 to the corporation on account of the purchase of the machine, if they found that the corporation relinquished the sale, and returned the $100 to the defendant, or to the firm of which he was a member, their verdict should be for the plaintiff.

Error to St. Clair. (Vance, J.) Submitted on briefs June 8, 1894. Decided June 26, 1894.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Avery Bros. & Walsh,* for appellant.

*Phillips & Jenks,* for defendant.

LONG, J. This is an action of *assumpsit*, commenced in justice's court, where plaintiff had judgment. On appeal to the circuit, verdict was directed for defendant.

The facts show that on September 7, 1885, plaintiff made arrangements with one Stout, agent for the Birdsell Threshing Machine Company, to purchase a thresher. Stout lived in Pontiac, and the company was located in the state of New York. The machine was to be sent to Port Huron, and was to arrive there September 8 or 9. Plaintiff went to Port Huron on the 9th, with men and teams, to bring the machine home, but found it had not arrived. He telegraphed both the company and Stout about it. While waiting for an answer, he saw the defendant, who attempted to sell him a thresher. He told defendant he could not buy from him, as he expected his machine in at 2 o'clock, and was going to the train at that time to see about it. Defendant said that was not necessary; that Stout had been there the day before, and it was probable he could not get the machine, and had gone home; but that he would telephone to the depot, and

find out whether the machine had come. Defendant called through the telephone, and pretended to inquire if the machine had come, and advised plaintiff that the agent of the railroad company had said that it had not, and that Stout had been there the day before, and gone, and they had not seen him since. Upon this the defendant induced the plaintiff to go about a mile, and look at an Upton machine, manufactured and sold by a company of which defendant was a stockholder and director. Arriving there, defendant went through the pretense of trying to call Stout by telephone, but said to plaintiff that he could not reach him. Defendant thereupon induced plaintiff to purchase an Upton thresher; and, as he says, it being in the midst of the threshing season, and he being hurried and under expense, he made the arrangement, and paid $100 on it. They went into the Upton office, and Anderson said to the agent:

"Mr. Coon has made up his mind to take one of our machines. He will pay you $100 on it. You can make out the papers."

The papers were made out and signed, and, at the direction of Anderson, plaintiff paid to the agent of the Upton Company the $100. The parties then returned to the city, and had no sooner arrived there than Mr. Stout came alongside the buggy in which they were, when the defendant hurried away. The plaintiff then learned that the Birdsell machine had arrived, and that Stout had not been away, but had been looking for him. He also learned that when defendant called up the freight office, through the telephone, he had been advised that Stout was then in the city, and was looking for plaintiff. Plaintiff then went to Anderson and demanded repayment of his money. This was refused, unless the Birdsell Company would allow him to retain $50. The Upton Company was called

upon, and repudiated Anderson's conduct and the sale as soon as the particulars were made known.

It appears that the Upton Company had an open account with Anderson & Co., and upon learning of Anderson's conduct the agent in charge of the Upton Company's affairs credited upon its books, to Anderson & Co., this $100, "By cash from Coon." Plaintiff thereafter saw defendant, and told him that he knew he had received the money back from the Upton Company, when defendant said: "Yes, I received it in a kind of a way,—in a kind of deal. I don't know just how it was." It was also shown upon the trial that Anderson said before the suit was brought that he had the money ready in the office, and "Coon will have no more trouble about it, as I have the money here in the office for him." Plaintiff never took the Upton machine, and some time in July, 1886, the Upton Company and Anderson & Co. had a settlement of the account, in which Anderson & Co. were allowed this $100. The defendant showed on the trial that in January, 1886, the incorporation of Anderson & Co. was formed, and that this corporation absorbed the business of the old copartnership of Anderson & Co., and denied ever having had, personally, this $100 back from the Upton Company. The reasons given by the court for directing a verdict for defendant are as follows:

"It is my conclusion that it would not be sufficient to justify this action to show that the Upton Manufacturing Company credited Anderson with this $100 which they got from Coon, on the books, unless they brought home that fact to Mr. Anderson, and he was shown to have known it. I think there is no testimony in this case to show that William C. Anderson or Anderson & Co. knew of that credit of $100 which Coon paid to them on the books of the Upton Manufacturing Company until about the time of the settlement, in July, 1886. Mr. Anderson could not be made liable to Mr. Coon for money had and

received, by the Upton Manufacturing Company simply crediting him up with $100 they received from Mr. Coon. Neither, do I think, could the firm of Anderson & Co. be made liable in an action for money had and received, if the Upton Manufacturing Company actually received Coon's money, and, in the dealing between themselves and Anderson & Co., gave Anderson & Co. credit for it. That would be a matter of dealing between themselves. The action is based upon the proposition that one man has money belonging to another, and if it is credited up, one way or the other, in that way, unless Anderson & Co. would assume the possession or hold the money for Mr. Coon, or acknowledge that it was taken for Coon, if they received it upon a settlement of their business transactions, it would not justify the action for money had and received.

"As I said before, the testimony here seems to me conclusive and undisputed that this money, if it passed out of the hands of the Upton Manufacturing Company at all, passed by a credit to Anderson & Co. * * * If Anderson & Co., as a copartnership, were liable for money had and received on account of a credit from the Upton Manufacturing Company, the action should have been brought against all the partners. It would be a joint liability, and not joint and several, and Mr. Anderson could not be sued alone for it."

The plaintiff had asked the court to charge the jury as follows:

"The plaintiff having paid to the Upton Manufacturing Company the sum of $100 on account of the purchase of a certain threshing machine, if you find that said Upton Manufacturing Company relinquished said sale, and returned said $100 to W. C. Anderson, or the firm of Anderson & Co., then your verdict should be for plaintiff.".

This request should have been given. The plea was the general issue, and the defendant could not insist, under it, that the money was paid over to his firm, and not to himself. If he desired to make this defense, he should have pleaded the non-joinder of defendants in abatement. He could not raise the question under the general issue. *Ballou v. Hill*, 25 Mich. 204; *Bowen v. Culp*, 36 Id. 224.

If defendant received the money from the Upton Com-

pany, or had credit for it in the settlement with the Upton Company, he would, under the circumstances here stated, be liable for its repayment to the plaintiff. By his false and fraudulent statements, he procured the plaintiff's money to be paid to the corporation of which he was a stockholder and director. The money was paid over to him, or credit given him for it in account; and an action of *assumpsit,* as for money had and received, would lie against him for its recovery. The court should have submitted the question to the jury, as requested.

Judgment must be·reversed, and new trial ordered.

The other Justices concurred.